UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: BANK OF AMERICA PAYCHECK PROTECTION PROGRAM LITIGATION                MDL No. 2952


ORDER DENYING TRANSFER


**Before the Panel**:[*] The actions before the Panel involve allegations that Bank of America Bank, N.A., and Bank of America Corporation (together, "Bank of America") failed to properly process applications for loans under the Paycheck Protection Program ("PPP"), a federal loan program established under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to help small businesses suffering economic damage from COVID-19 related shutdowns.[1] The litigation consists of three actions pending in two districts, as listed on Schedule A.[2] Plaintiffs in one Western District of Texas action (*E-Dealer Direct*) filed a motion under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Texas. At oral argument, movants stated that they now support centralization in the Northern District of California, where the other two actions are pending.

Plaintiffs in the two Northern District of California actions support centralization in that district. Defendant Bank of America opposes centralization and, alternatively, proposes the District of Maryland or, alternatively, the Northern District of Georgia.

---

[*] Judge Ellen Segal Huvelle and Judge David C. Norton took no part in the decision of this matter.

[1] This docket was heard at the July 30, 2020 hearing session with two other dockets involving the alleged mishandling of PPP loan applications. *See* MDL No. 2944, *In re: JPMorgan Chase Paycheck Protection Program Litigation*; MDL No. 2954, *In re: Wells Fargo Paycheck Protection Program Litigation*.

[2] The motion for centralization listed eight actions for centralization. Subsequently, four actions involving unrelated agent fees class complaints were removed from the motions for centralization at the request of movants. *See* MDL No. 2952, Minute Order, ECF No. 20 (J.P.M.L. June 12, 2020). Additionally, one action (*Damast*) was voluntarily dismissed, leaving three actions at issue.

On the basis of the papers filed and the hearing session held,[3] we will deny plaintiffs' motion. Although these actions share factual questions arising out of allegations that Bank of America failed to implement and follow federal regulations requiring that PPP loan applications be processed on a "first-come, first-served" basis, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. On the present record, it appears that individualized factual issues concerning the circumstances of each loan application will significantly diminish the potential efficiencies from centralization.[4] Additionally, where, as here, only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Plaintiffs have not met that burden. There are only three actions pending in two districts, and the cases do not appear to be particularly complex.

In the present circumstances, voluntary coordination among the parties and the involved judges is preferable to centralization. We encourage the parties to employ various alternatives to transfer which may minimize the potential for duplicative discovery and inconsistent pretrial rulings. Such coordination appears practicable in this litigation, considering the few actions and districts involved. Additionally, common defendant Bank of America is represented by the same counsel in all actions, and represents in the Panel briefing that it will support informal coordination of any overlapping discovery and other pretrial activities.

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

---

[3] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of July 30, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2952 (J.P.M.L. July 14, 2020), ECF No. 46.

[4] Plaintiffs allege different obstacles to submitting their applications, and the record indicates that, of the four applications at issue in the three pending actions, one was granted, two were denied by the Small Business Administration, and one was denied by Bank of America. These differences will result in substantial case-specific factual issues, motions, and discovery. *See In re Mortgage Lender Force-Placed Ins. Litig.*, 895 F. Supp. 2d 1352, 1353 (J.P.M.L. 2012) (denying centralization where "individualized discovery and legal issues are likely to be numerous and substantial").

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

R. David Proctor         Catherine D. Perry
Nathaniel M. Gorton      Matthew F. Kennelly

**IN RE: BANK OF AMERICA PAYCHECK PROTECTION PROGRAM LITIGATION**  MDL No. 2952

## SCHEDULE A

<u>Northern District of California</u>

STUDIO 1220, INC. v. BANK OF AMERICA, NATIONAL ASSOCIATION, ET AL., C.A. No. 4:20-03081

INFORMATECH CONSULTING, INC. v. BANK OF AMERICA CORP., ET AL., C.A. No. 3:20-02892

<u>Western District of Texas</u>

E-DEALER DIRECT, LLC, ET AL. v. BANK OF AMERICA CORP., C.A. No. 3:20-00139